IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW MEXICO

**MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,**

**and**

**SHANNON MIKE and GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M.
and AA.M., minor children,**

      Plaintiffs,

vs             No.

**TERRY McCOY, STEVE JACKSON,
DAVE McCALL, MANASSEH BEGAY and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME,**

**and**

**WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,**

      Defendants.

COMPLAINT FOR DAMAGES
FOR DEPRIVATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, UNLAWFUL SEARCH
AND SEIZURE, EXCESSIVE FORCE,
FALSE ARREST OR DETENTION,
AND ASSAULT AND BATTERY,

## SUMMARY OF THE PLAINTIFF'S CLAIMS

The Plaintiffs are members of a Native American family who were unlawfully stopped in their automobile and unlawfully handcuffed and detained by San Juan County Sheriff's Deputies and Farmington Police Officers.  Three of the Plaintiffs are minor children ranging in age from fifteen years old to eleven years old.  Their automobile was unlawfully stopped and searched without probable cause, reasonable suspicion or valid consent while the Plaintiffs were detained in handcuffs and confined in police cars.  This action is brought against deputies of the San Juan County Sheriff's Department and officers of the Farmington Police Department named herein and other deputies, officers and employees of the San Juan County Sheriff's Department and Farmington Police Department where their identities were not known at the time of filing of this Complaint.  The action is brought under 42 U.S.C. §§ 1981, 1983 and other federal law where applicable, and state tort law.  The federal claims and state torts involve actions by state actors operating under color of law in deprivation of rights and privileges guaranteed by the Constitution of the United States and as applied to the states by Amendment XIV.

## JURISDICTION AND VENUE

1. All events material to this action occurred in the District of New Mexico.
2. The Defendants in this action were at all times material to this action, state actors operating under color of law and employed by law enforcement agencies of a county and a municipality of the State of New Mexico.
3. In regard to any state claims herein, the Plaintiffs have filed timely and adequate notice to the Defendants pursuant to the provisions of the New Mexico Tort Claims Act.

4.      The Court has jurisdiction over the matters and parties herein under 42 U.S.C. § 1983 and its authority to decide pendant state claims, and venue properly resides in the District of New Mexico.

## PARTIES

5.      All Plaintiffs named in this action are residents of the State of New Mexico and are Native Americans and members of a recognized minority class.

6.      Ae.M., Au.M. and Aa.M. are minor children and are represented herein by their parents, Shannon Mike and Georgette Mike.

7.      Defendants Terry McCoy, Steve Jackson, Dave McCall, Manasseh Begay and Kory Faulk were at the time of the events described herein employed as Deputy Sheriffs by the San Juan County Sheriff'sDepartment and are believed to certified as Law Enforcement Officers under New Mexico law, and at all times material to this action were operating under color of law.

8.      Defendants Walter Nickerson and David King were at the time of the events described herein employed as Police Officers by the Farmington Police Department and are believed to certified as Law Enforcement Officers under New Mexico law, and at all times material to this action were operating under color of law.

9.      Deputies and Employees of San Juan County Sheriff'sDepartment and the Farmington Police Department Whose Identities Are Unknown at This Time, named as Defendants herein, are persons who are employed by the San Juan County Sheriff'sDepartment and Farmington Police Department who may have liability in this matter because of their actions under color of law or otherwise and whose identities

may be ascertained during the pendency of this lawsuit, and are described herein as "unknown" or "unidentified" officers when their conduct is relevant to this Complaint.

10. San Juan County Sheriff'sDepartment and City of Farmington, not presently named as defendants herein, are county and municipal law enforcement agencies formed and authorized under New Mexico law and were at all times material herein the employer of the named defendants through their respective law enforcement agencies.

## FACTS COMMON TO ALL COUNTS

The Plaintiffs re-allege the allegations made in the paragraphs above and further state:

11. On March 19, 2012, deputies of the San Juan County Sheriff'sDepartment ("SJCSD") and police officers of the Farmington Police Department ("FPD") investigated a series of crimes believed to have been committed by the same unknown offender in San Juan County that morning.

12. Among other alleged crimes, the offender had entered a school administration building and had stolen several laptop computers and had stolen a government automobile from the school and left the premises by driving through a chain link fence, causing damage to the front end of the stolen automobile.

13. The stolen automobile was a black or brown 2008 Chevrolet Impala with government license plate number G74145 and agency fleet number 254 on the driver side fender, with heavy front end damage from going through the fence, with a lone male occupant who stole it from the school at about 8:00 a.m.

14. A description of the stolen vehicle and the male suspect driving it was broadcast by police radio and law enforcement throughout the area were on the lookout for the stolen automobile and its lone occupant and were actively searching the jurisdiction.

15. During the search for the stolen Chevrolet Impala with front end damage driven by a lone suspect, Plaintiff William Mike and members of his family were in the family's blue 2012, Chevrolet Malibu automobile driving in the vicinity of Orchard and Broadway Streets in downtown Farmington.

16. William Mike, an elderly, disabled Native American, was driving the automobile, and his wife, Plaintiff Margaret Mike, also an elderly Native American, was riding in the passenger seat.

17. Located in the rear seat of the Mike automobile were their grandchildren, fifteen (15) year-old Ae.M., thirteen (13) year-old Au.M., and eleven (11) year-old Aa.M..

18. Shortly after 9:00 a.m., Defendant Terry McCoy, a deputy sheriff, had spotted the Mike automobile near the local hospital and had begun to follow it.

19. Defendant McCoy followed the Mike automobile for several miles, long enough to examine the automobile and its occupants thoroughly.

20. At no point did the driver of the automobile, William Mike, or any occupant of the automobile do anything that would raise suspicion that a crime was being committed or had been committed by the occupants and the driver was operating the automobile in a prudent and lawful manner with no defects on the automobile that would raise safety concerns.

21. Although the Mike automobile was a different model, year and color than the stolen vehicle, Defendant McCoy made a felony stop on the Mike automobile with his firearm drawn, allegedly on suspicion that it was the government vehicle stolen from the school earlier in the morning.

22. A felony stop is an aggressive stop of an automobile involving the display of firearms and the use of aggressive and intimidating language and actions by law enforcement officers designed to quickly and safely subdue known or suspected felons, armed individuals or any potentially dangerous person and a felony stop may only be used where there is probable cause, reasonable suspicion or exigent circumstances to support the stop and the aggressive actions taken in support of the stop.

23. As mentioned above, the Mike automobile was a blue, 2012, Chevrolet Malibu and the stolen vehicle was a black or brown 2008 Chevrolet Impala with completely different and distinct body styling, tail lights, and body trim and no front end body damage as had been reported on the stolen car.

24. Viewed from Deputy McCoy's position at the rear of the Mike automobile, there is no reason for an experienced officer such as Deputy McCoy to believe that the Mike automobile was the stolen vehicle.

25. The only characteristic that the Mike automobile had in common with the stolen vehicle was that both were made by Chevrolet.

26. Additionally, the Mike automobile was recently purchased and brand new, had temporary license tags from a dealer, was completely undamaged, and was occupied by the Plaintiffs, two (2) elderly persons and three (3) children in their early teens or pre-teens.

27. Despite the fact that the Mike automobile was a different model, year and color than the stolen vehicle and law enforcement was looking for a government vehicle with heavy damage driven by a lone suspect, Defendant McCoy and other Defendants

herein stopped the Mike family in a harsh, authoritative and aggressive manner, ordering them out of the automobile at gunpoint.

28. The Plaintiffs were surrounded by the Defendant law enforcement officers who had their firearms drawn and pointed at the family, including the children, and were one-by-one extracted from the automobile, ordered to place their hands behind their head and handcuffed and placed in police vehicles.

29. The adult family members were forced to walk backward in a humiliating posture to be handcuffed and Plaintiff William Mike was forced to kneel on the wet and cold pavement while being handcuffed.

30. Other local law enforcement officers, including Defendants Steve Jackson, Dave McCall, Manasseh Begay and Kory Faulk and FPD officers Nickerson and King, and other unidentified officers, were called to the scene and participated in the felony stop and detention of the Plaintiffs.

31. All deputies and police officers involved in the stop pointed their firearms at the Plaintiffs in a threatening manner.

32. On information and belief, the deputies and FPD officers present at the stop, search and seizure of the Plaintiffs and their automobile and possessions were experienced officers who were at the time patrol officers or had experience as patrol officers and who were familiar with the different automobiles on the road and had experience and training in identifying automobiles by make, model, color and year of production.

33. Defendant McCoy knew or should have known that the Mike automobile was not the stolen vehicle because he himself was driving an unmarked Chevrolet Impala police vehicle and the Mike automobile was a Chevrolet Malibu and the deputy, as a trained

deputy and former DWI Unit officer, was or should have been aware of the differences in model and year.

34. Deputies Steve Jackson, Dave McCall, Manasseh Begay and Kory Faulk and FPD officers Nickerson and King, and other law enforcement officers presently unknown to the Plaintiffs who were at the scene, knew or should have known that the Mike automobile was not the stolen vehicle and that the Plaintiffs were not suspects in the recent crime spree because of their training and experience as police officers.

35. The Mike automobile had the word "Malibu" clearly shown on the rear as part of the trim and Defendant McCoy identified the automobile as a Chevrolet Malibu when he called in to dispatch during the time he was following the Plaintiffs.

36. Defendant McCoy was aware that the Mike automobile did not match the description of the stolen vehicle when he called for a felony stop of the Plaintiffs' automobile.

37. Defendant Jackson had encountered the stolen vehicle driven by the lone offender in a car chase shortly before he was called to the stop of the Mike automobile and had a good look at the stolen vehicle and identified it as a Chevrolet Impala, and knew or should have known that the Mike automobile was a different vehicle.

38. Defendant Jackson failed to inform the other officers on the scene that the Mike automobile was not the stolen vehicle.

39. As they approached the Mike automobile after it was stopped, the temporary license tag was clearly visible to Defendant McCoy and the other identified and unidentified Defendants, indicating that the automobile had been recently purchased by a private individual and was not the stolen government vehicle.

40. No government markings such as a government license plate or fleet identification numbers were on the Mike automobile, indicating to the officers that it was not the stolen government vehicle.

41. When they stopped the Mike automobile, Defendant McCoy and the other identified and unidentified Defendants were in a position to see that there was no damage to any portion of the vehicle and that the automobile was not the stolen government vehicle.

42. When they stopped the Mike automobile, Defendant McCoy and the other identified and unidentified Defendants were in a position to see the occupants and determine that it was a family of elderly adults and young children, and that there was no resemblance to the description of the lone occupant of the stolen vehicle.

43. Despite the fact that all indications were that the Mike automobile was not the stolen vehicle and that the members of the Mike family were not suspects in a recent crime spree by a lone, male offender, Defendant McCoy and the other identified and unidentified Defendants pointed their firearms at the elderly adults and young children and ordered them from the automobile in a threatening and frightening manner.

44. Plaintiffs Margaret Mike, William Mike and thirteen (13) year old Au.M. were handcuffed with excessive and unnecessary force by Defendant McCoy and Defendant Begay and placed in the back of police vehicles by the Defendants.

45. Fifteen (15) year old Ae.M. and eleven (11) year old Aa.M. were not handcuffed, but were forced to exit from their grandparent's automobile and were confined in the back of police vehicles by armed police officers and deputies.

46. The adults and children were terrified and extremely distressed—eleven (11) year-old Aa.M. can be heard on the recording equipment of one of the police vehicles sobbing

and praying to Jesus, and asking Jesus to protect her and her family from the officers, and asking why they had been arrested and if they were all going to jail.

47. Shortly after the stop of the automobile and as the seizure, detention and arrest of the Plaintiffs progressed, individual police officers and deputies can be heard on their recording equipment commenting that that the Mike automobile was not the stolen vehicle and the family members were not the suspect in the crimes committed that morning.

48. Despite the fact that the Defendants and the unidentified police officers present had determined that the Mike automobile was not the stolen vehicle that they were looking for and that the Plaintiffs were not suspects in any crime, the seizure and detention of the Plaintiffs continued and Defendant McCoy searched the automobile allegedly looking for the laptop computers stolen from the school administration earlier.

49. Despite the fact that from the beginning of the traffic stop it was clear to the officers that the Mike automobile was a different model, color and year from the stolen vehicle, Defendant McCoy untruthfully told the family that they were stopped because their automobile was "identical" to the stolen vehicle.

50. Deputy McCoy has a history of violations of the rights of Native Americans and the elderly and his unlawful and oppressive actions were motivated by racial discrimination, racial animus and racial profiling of the Plaintiffs, and were done with the expectation that he could harass and oppress the Plaintiffs with impunity.

51. Defendants Jackson and Faulk were sergeants in the SJCSD and were present during the stop of the Mike automobile and the detention by use of firearms, handcuffing, harassment and terrorizing of the Plaintiffs and the unlawful search of their

automobile and possessions without probable cause or reasonable suspicion that a crime had been committed by the Plaintiffs.

52. Defendants Jackson and Faulk were aware that the Plaintiffs were elderly and young Native Americans and that Defendant McCoy was harassing and oppressing them because of their race and age, and failed to stop the unlawful acts against the Plaintiffs.

53. Defendants Jackson and Faulk were at the scene of the violations of the Plaintiffs' rights and other unlawful acts committed by the Defendants and unknown officers and were in a position to prevent the violations and abuses and had the authority to do so, and failed to protect the Plaintiffs.

54. Defendants Jackson and Faulk, as superior officers with authority over other Defendants, failed to prevent the unlawful actions of the other Defendants and protect the Plaintiffs from the unlawful detention and search even though they had good reason to know that the automobile and the Plaintiffs were not involved in any crime.

55. Defendants McCall and Begay were willing participants in the unlawful acts of the police officers as described herein, and knew or should have known that the Plaintiffs were not suspects in any crime and that the automobile did not match the description of the stolen automobile, and pointed firearms at the Plaintiffs, handcuffed and unlawfully detained the Plaintiffs, and participated in the unlawful search of the Plaintiff's automobile and belongings, and otherwise failed to protect the Plaintiffs from the unlawful detention and intrusion upon the Plaintiffs' rights.

56. The actions of the Defendants, FPD police officers and unknown officers as described herein were plainly incompetent or knowingly in violation of the law.

57. The Defendants, FPD police officers and unknown officers unlawfully stopped the Plaintiffs' automobile and seized them without probable cause or reasonable suspicion.

58. The Defendant deputy sheriffs, FPD police officers and unknown officers assaulted the Plaintiffs with deadly weapons and threats of force, and touched and battered the Plaintiffs by forcing them from their automobile and placing handcuffs on them and forcibly placing them and detaining them in police cars.

59. The Defendant deputy sheriffs, FPD police officers and unknown officers wrongfully and falsely arrested or detained the Plaintiffs and falsely imprisoned them.

60. The Defendant deputy sheriffs, FPD police officers and unknown officers used unreasonable and excessive force in the seizure and detention of the Plaintiffs.

61. The acts and omissions of the Defendant deputy sheriffs, FPD police officers and unknown officers described herein were intentional, willful, malicious, reckless and heedless, and intended to harm the Plaintiffs.

62. The acts and omissions of the Defendant deputy sheriffs, FPD police officers and unknown officers operating under color of law deprived the Plaintiffs of rights and privileges guaranteed by the Constitution of the United States and federal law.

63. The Plaintiffs have suffered injury from the acts and omissions of the Defendant deputy sheriffs, FPD police officers and unknown officers mentioned herein, and have endured loss of dignity and embarrassment, extreme emotional distress, suffering and fear and continue to suffer such injuries, and have been further damaged by the deprivation of rights and privileges to which they are entitled.

## COUNT I
## 42 U.S.C. § 1983 DEPRIVATION OF RIGHTS

The Plaintiffs re-allege the allegations made in the paragraphs above and further state:

64. The acts and omissions of the Defendants deprived the Plaintiffs of rights and privileges guaranteed by the Constitution of the United States and federal law, including but not limited to Amendments IV, V and VIII of the Constitution, as applied to the states by Amendment XIV and 42 U.S.C. § 1983.

65. The acts and omissions of Defendant Terry McCoy described herein violated the Plaintiffs' rights under the Amendments mentioned above and were further directed to the Plaintiffs because of their race and ages.

66. The felony stop on the Plaintiffs was without probable cause, reasonable suspicion or exigent circumstances and violated the rights and privileges of the Plaintiffs as described above, and caused them injury and damages.

67. The Plaintiffs are entitled to such damages as permitted by 42 U.S.C. §§ 1981, 1983, 1988 and other applicable federal or state law.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

    a. Trial by jury as to all counts herein that are so triable;

    b. Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted for a violation of 42 U.S.C. §§ 1981, 1983;

    c. Damages for unlawful search and seizure by the Defendants;

    d. Damages for wrongful imprisonment or detention and loss of liberty;

    e. Damages for unreasonable and excessive force by the Defendants;

    f. Damages for assault through threat of deadly force by the Defendants;

    g. Damages for battery of the Plaintiffs by the Defendants;

  h. Damages for extreme emotional distress and suffering and loss of dignity caused by the Defendants;

  i. Punitive damages for the intentional, willful, malicious, reckless and heedless acts and omissions of the Defendants;

  j. Reasonable attorney fees, costs of this action and prejudgment interest as may be provided by law;

  k. For such further relief as the Court may deem just and equitable.

## COUNT II
## UNREASONABLE USE OF FORCE

The Plaintiffs re-allege the allegations made in the paragraphs above and further state:

68. The Defendants used unreasonable and excessive force on the Plaintiffs by forcing them from their automobile and handcuffing them and placing them in a police car.

69. At all times during the encounter the Plaintiffs cooperated and did not resist or oppose the Defendants and posed no danger to the Defendants or any other persons.

70. The use of force on the Plaintiffs was excessive, cruel and inhumane and intended to oppress and humiliate them and caused them to suffer indignity, embarrassment, fear and extreme emotional distress and they will continue to suffer such damages.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

  a. Trial by jury as to all counts herein that are so triable;

  b. Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted for a violation of 42 U.S.C. §§ 1981, 1983;

  c. Damages for unlawful search and seizure by the Defendants;

  d. Damages for wrongful imprisonment or detention and loss of liberty;

e. Damages for unreasonable and excessive force by the Defendants;

f. Damages for assault through threat of deadly force by the Defendants;

g. Damages for battery of the Plaintiffs by the Defendants;

h. Damages for extreme emotional distress and suffering and loss of dignity caused by the Defendants;

i. Punitive damages for the intentional, willful, malicious, reckless and heedless acts and omissions of the Defendants;

j. Reasonable attorney fees, costs of this action and prejudgment interest as may be provided by law;

k. For such further relief as the Court may deem just and equitable.

## COUNT III
## FALSE ARREST, UNLAWFUL SEARCH
## AND WRONGFUL DETENTION

The Plaintiffs re-allege the allegations made in the paragraphs above and further state:

71. The Plaintiffs were wrongfully and unlawfully stopped, seized and searched by the Defendants and were detained and/or arrested by the Defendants without probable cause, reasonable suspicion or other justification as further described herein.

72. The automobile and belongings of the Plaintiffs were searched without reason or justification that any occupant had committed a crime or that contraband was being concealed therein.

73. At all times during the encounter the Plaintiffs cooperated and did not resist or oppose the Defendants and posed no danger to the Defendants or any other persons.

74. The wrongful arrest or detention of the Plaintiffs was cruel and inhumane and intended to oppress and humiliate them and caused them to suffer indignity, embarrassment, fear and extreme emotional distress and they will continue to suffer such damages.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

  a.  Trial by jury as to all counts herein that are so triable;

  b.  Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted for a violation of 42 U.S.C. §§ 1981, 1983;

  c.  Damages for unlawful search and seizure by the Defendants;

  d.  Damages for wrongful imprisonment or detention and loss of liberty;

  e.  Damages for unreasonable and excessive force by the Defendants;

  f.  Damages for assault through threat of deadly force by the Defendants;

  g.  Damages for battery of the Plaintiffs by the Defendants;

  h.  Damages for extreme emotional distress and suffering and loss of dignity caused by the Defendants;

  i.  Punitive damages for the intentional, willful, malicious, reckless and heedless acts and omissions of the Defendants;

  j.  Reasonable attorney fees, costs of this action and prejudgment interest as may be provided by law;

  k.  For such further relief as the Court may deem just and equitable.

## COUNT IV
## ASSAULT AND BATTERY

The Plaintiffs re-allege the allegations made in the paragraphs above and further state:

75. The Defendants pointed firearms at the Plaintiffs or in the vicinity of the Plaintiffs in a threatening and malicious manner and used hostile and threatening language which cause the Plaintiffs to fear great bodily harm.

76. At all times during the encounter the Plaintiffs cooperated and did not resist or oppose the Defendants and posed no danger to the Defendants or any other persons, and the armed assault on the Plaintiffs was unreasonable and without justification or cause.

77. The Defendants touched the Plaintiffs in a hostile and aggressive manner without their consent and handcuffed and otherwise handled the Plaintiffs in an unreasonable, unwanted and unseemly manner without justification or cause.

78. The unwanted touching and handling of the Plaintiffs was cruel and inhumane and intended to oppress and humiliate them and caused them to suffer indignity, embarrassment and fear and extreme emotional distress and they will continue to suffer such damages.

**WHEREFORE,** the Plaintiffs respectfully request the Court grant the following:

a. Trial by jury as to all counts herein that are so triable;

b. Damages for deprivation of rights and privileges guaranteed by the Constitution and federal law as may be permitted for a violation of 42 U.S.C. §§ 1981, 1983;

c. Damages for unlawful search and seizure by the Defendants;

d. Damages for wrongful imprisonment or detention and loss of liberty;

e. Damages for unreasonable and excessive force by the Defendants;

f. Damages for assault through threat of deadly force by the Defendants;

g. Damages for battery of the Plaintiffs by the Defendants;

    h.   Damages for extreme emotional distress and suffering and loss of dignity caused by the Defendants;

    i.   Punitive damages for the intentional, willful, malicious, reckless and heedless acts and omissions of the Defendants;

    j.   Reasonable attorney fees, costs of this action and prejudgment interest as may be provided by law;

    k.   For such further relief as the Court may deem just and equitable.

                                                                     Respectfully Submitted,

                                                                     _____*s/s Arlon L. Stoker*_____
                                                                     Arlon L. Stoker
                                                                     Attorney for Plaintiffs
                                                                     P.O. Box 658
                                                                     Farmington, NM 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
                                                                     (505) 326-3636

                                                                   _____*Joseph W.Reichert*_____
                                                                     Joseph W. Reichert
                                                                     Attorney for Plaintiffs
                                                                     2620 Adams St. NE
                                                                     Albuquerque, NM 87110
                                                                     (505) 606-1927

I hereby certify that the foregoing document
or pleading was filed via the Court CM/EF
filing system on this 19 day of November,
2012, which upon information and belief resulted
in its electronic transmission, along with this
Certificate of Service, to all opposing counsel of record.

_____*s/s Arlon L. Stoker*_____