IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,

and

SHANNON MIKE and GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M.
and AA.M., minor children,

       Plaintiffs,

vs.                        No. 12 cv 01215 WDS/LFG

TERRY McCOY, STEVE JACKSON,
DAVE McCALL MANASSEH BEGAY and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME,

and

WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,

       Defendants.

**ANSWER TO COMPLAINT FOR DAMAGES FOR DEPRIVATION
OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983, UNLAWFUL SEARCH
AND SEIZURE, EXCESSIVE FORCE, FALSE ARREST OR DETENTION,
<u>AND ASSAULT AND BATTERY</u>**

COME NOW, the defendants, TERRY McCOY, STEVE JACKSON, DAVE McCALL,

and MANASSEH BEGAY, individually, and as Law Enforcement Officers and Employees of

SAN JUAN COUNTY SHERIFF'S DEPARTMENT, through their attorneys, KLECAN &

CHILDRESS (Ronald J. Childress, Esq.), and for their Answer to the Complaint for Damages

for Deprivation of Civil Rights Under 42 U.S.C. § 1983, Unlawful Search and Seizure,

Excessive Force, False Arrest or Detention, and Assault and Battery, state:

### SUMMARY OF THE PLAINTIFF'S CLAIMS

1.      In response to the allegations set out in the Summary of the Plaintiff's Claims,

these defendants admit that the plaintiff's are bringing this action under 42 U.S.C. §§ 1981,

1983 and other federal law where applicable, and state tort law.  However, these defendants

deny that the plaintiffs have any valid claims against them.  It is also admitted that three of the

plaintiffs are identified as minor children and that the plaintiffs are Native Americans.  Insofar

as the remaining allegations of the Summary of Plaintiffs' Claims pertain to these defendants,

those allegations are denied.

### JURISDICTION AND VENUE

2.      These defendants admit the venue allegations set out in paragraph one (1),

although these defendants deny some of the factual allegations set out in the Complaint.

3.      Insofar as the allegations of paragraph two (2) pertain to these defendants, those

allegations are admitted.

4.      Insofar as the allegations of paragraphs three (3) and four (4) pertain to these

defendants, those allegations are admitted.

### PARTIES

5.      As to the allegations of paragraph five (5), it is admitted that the plaintiffs are

2

Native Americans and residents of the State of New Mexico. The remaining allegations of paragraph five (5) contain vague and overly broad legal conclusions rather than factual allegations and are denied on those bases.

6.      These defendants have insufficient information to admit or deny the allegations of paragraph six (6) and therefore deny the same. .

7.      Insofar as the allegations of paragraph seven (7) pertain to these defendants, those allegations are admitted.

8.      The allegations of paragraph eight (8) do not pertain to these defendants, therefore no response is provided.

9.      These defendants lack sufficient information to admit or deny the allegations contained in paragraph nine (9) and therefore deny the same.

10.     The allegations of paragraph ten (10) are admitted as they pertain to the San Juan County Sheriff's Department. The remaining allegations of paragraph ten (10) do not pertain to these defendants, therefore no response is provided.

## FACTS COMMON TO ALL COUNTS

11.     The allegations made in the paragraphs above are admitted and denied as set out heretofore.

12.     The allegations of paragraph eleven (11) are admitted.

13.     In response to the allegations of paragraph twelve (12), it is admitted that among other crimes, the offender(s) had entered a school administration building and had stolen several laptop computers and had stolen a government automobile from the school. It is also admitted that the vehicle left the premises by being driven under a chain link fence. The remaining

allegations of paragraph twelve (12) are denied.

14.     In response to the allegations of paragraph thirteen (13), it is admitted that it was ultimately determined that the stolen automobile was a dark colored 2008 Chevrolet Impala with government license plate number G74145. The remaining allegations of paragraph thirteen (13) are denied either on the basis of factual inaccuracies or on the grounds that these defendants lack sufficient information to admit or deny those allegations.

15.     In response to the allegation of paragraph fourteen (14), it is admitted that several descriptions of the stolen vehicle were broadcast by police radio. It is further admitted that law enforcement officers throughout the area were on the lookout for the stolen automobile and were actively searching the jurisdiction. The remaining allegations of paragraph fourteen (14) are denied either on the basis of factual inaccuracies or on the basis that these defendants lack sufficient information to admit or deny those allegations.

16.     In response to the allegations of paragraph fifteen (15), it is admitted that the Mike vehicle was being driven in the vicinity of Orchard and Broadway Streets in downtown Farmington during the search for the stolen vehicle. It is further admitted that it was ultimately determined that the Mike vehicle was a blue 2012 Chevrolet Malibu.     The remaining allegations of paragraph fifteen (15) are denied either on the basis of factual inaccuracies or on the grounds that these defendants lack sufficient information to admit or deny those allegations.

17.     As to the allegations of paragraph sixteen (16), it is admitted that William Mike, a Native American,  was driving an automobile and his wife, Margaret Mike, also a Native American, was riding in the passenger seat. These  defendants have insufficient information to admit or deny the allegation that William Mike was disabled. The remaining allegations of

4

paragraph sixteen (16) are denied.

18.    As to the allegations of paragraph seventeen (17), it is admitted that three younger persons were in the rear seat of the Mike automobile. These defendants have insufficient information to admit or deny the remaining allegations of paragraph seventeen (17).

19.    In response to the allegations of paragraph eighteen (18), it is admitted that shortly after 9:00 a.m., Deputy Terry McCoy spotted an automobile matching the description of the suspect vehicle near the local hospital and had begun to follow it. These defendants deny the remaining allegations of paragraph eighteen (18) and therefore deny the same.

20.    As to the allegations of paragraph nineteen (19), it is admitted that Terry McCoy followed the suspect vehicle for some distance, the exact distance of which is unknown. The remaining allegations of paragraph nineteen (19) are denied.

21.    The allegations of paragraph twenty (20) are denied.

22.    As to the allegations of paragraph twenty-one (21), it is admitted that Defendant McCoy made a felony stop with his firearm out of the holster, on the suspect vehicle for a number of reasons, including but not limited to the suspicion that it was the government vehicle stolen from the school earlier in the morning. The remaining allegations of paragraph twenty-one (21) are denied.

23.    The allegations of paragraph twenty-two (22) set out vague and overly broad legal conclusions and are denied on those bases.

24.    As to the allegations of paragraph twenty-three (23) it is admitted that it was ultimately determined that the Mike vehicle was a dark blue 2012 Chevrolet Malibu and that the stolen vehicle was a dark colored 2008 Chevrolet Impala. The remaining allegations of

5

paragraph twenty-three are denied.

25.     The allegations of paragraphs twenty-four (24) and twenty-five (25) are denied.

26.     As to the allegations of paragraph twenty-six (26) it is admitted that the Mike vehicle was occupied by two adults and younger persons.   The remaining allegations of paragraph twenty-six (26) are denied either on the basis of factual inaccuracies or on the basis that these defendants lack information sufficient to admit or deny the allegations.

27.     The allegations of paragraph twenty-seven (27) are denied.

28.     As to the allegations of paragraph twenty-eight (28), it is admitted that some of the law enforcement officers had their firearms drawn.   It is admitted that some of the family members were extracted from the vehicle, ordered to place their hands behind their head, handcuffed and placed in police vehicles.   The remaining allegations of paragraph twenty-eight (28) are denied.

29.     As to the allegations of paragraph twenty-nine (29), it is admitted that William Mike was requested to kneel on the pavement while being handcuffed.   The remaining allegations of paragraph twenty-nine (29) are denied.

30.     As to the allegations of paragraph thirty (30), it is admitted that these defendants responded to the scene.   It is admitted that defendant Begay participated in securing   the occupants of the Mike vehicle.   Insofar as the remaining allegations of paragraph thirty (30) pertain to these defendants, those allegations are denied.

31.     Insofar as the allegations of paragraph thirty-one (31) pertain to these defendants, those allegations are denied.

32.     Insofar as the allegations of paragraph thirty-two (32) pertain to these defendants,

6

it is admitted that the deputies at the scene were  patrol officers or officers who had experience as patrol officers and would have some familiarity with vehicles on the road and some experience and training in identifying vehicles by make, model, color and year of production. The remaining allegations of paragraph thirty-two (32) are vague and overly broad and are denied on those bases.

33.     As to the allegations of paragraph thirty-three (33) it is admitted that Defendant McCoy was driving an unmarked Chevrolet Impala police vehicle.  The remaining allegations of paragraph thirty-three (33) are denied.

34.     Insofar as the allegations of paragraphs  thirty-four (34), thirty-five (35) and thirty-six (36)  pertain to these defendants, those allegations are denied.

35.     As to the allegations of paragraph thirty-seven (37), it is admitted that Defendant Jackson had encountered a vehicle earlier similar in appearance to the Mike vehicle which he attempted to pursue.  The remaining allegations of paragraph thirty-seven (37) are denied.

36.     These defendants object to the allegations of paragraph thirty-eight (38) on the grounds that there is no reference to the time, during a rapidly developing situation, at which Defendant Jackson allegedly "failed to inform the other officers on the scene that the Mike automobile was not the stolen vehicle."  Factually, these defendants state that after identifying the occupants of the Mike vehicle, the law enforcement officers on  scene all came to the conclusion that the Mike vehicle was not the stolen vehicle.

37.     Insofar as the allegations of paragraph thirty-nine (39) pertain to these defendants, those allegations are denied.

38.     As to the allegations of paragraph forty (40), it is admitted that it was ultimately

7

determined that the Mike vehicle did not have a government license plate or fleet numbers. The remaining allegations of paragraph forty (40) are denied.

39.     Insofar as the allegations of paragraphs forty-one (41), forty-two (42), forty-three (43) and  forty-four (44)  pertain to these defendants, those allegations are denied.

40.     In response to the allegations of paragraph forty-five (45), these defendants admit that two of the younger persons were not handcuffed.  It is also admitted that one of the younger persons who was not handcuffed was briefly placed in a police vehicle.  The remaining allegations of paragraph forty-five (45) are denied.

41.     As to the allegations of paragraph forty-six (46), one of the younger persons children can be heard on one of the police tapes and the tape speaks for itself as to the statements of that person.    The remaining allegations of paragraph forty-six (46) are denied.

42.     In response to the allegations of paragraph forty-seven (47), these defendants admit that it was subsequently determined that the Mike automobile was not the stolen vehicle and the family members were not the suspects in the crimes committed that morning.  Insofar as the remaining allegations of paragraph forty-seven (47) pertain to these defendants, those allegations are denied.

43.     Insofar as the allegations of paragraphs forty-eight (48) and forty-nine (49) pertain to these defendants, those allegations are denied.

44.     The allegations of paragraph fifty (50) are denied.

45.     In response to the allegations of paragraph fifty-one (51), it is admitted that Defendants Jackson and Faulk were sergeants in the San Juan County Sheriff's Department and were present at some point at the scene after  the Mike vehicle was stopped. The remaining

8

allegations of paragraph fifty-one (51) are denied.

46.     Insofar as the allegations of paragraphs fifty-two (52), fifty-three (53), fifty-four

(54), fifty-five (55), fifty-six (56), fifty-seven (57), fifty-eight (58), fifty-nine (59), sixty (60),

sixty-one (61), sixty-two (62) and sixty-three (63) pertain to these defendants, those allegations

are denied.

**COUNT I**
**42 U.S.C. §1983 DEPRIVATION OF RIGHTS**

47.     The allegations made in the paragraphs above are admitted and denied as set out

heretofore.

48.     Insofar as the allegations of paragraphs sixty-four (64), sixty-five (65), sixty-six

(66) and sixty-seven (67) pertain to these defendants, those allegations are denied.

**COUNT II**
**UNREASONABLE USE OF FORCE**

49.     The allegations made in the paragraphs above are admitted and denied as set out

heretofore.

50.     Insofar as the allegations of paragraphs sixty-eight (68), sixty-nine (69) and

seventy (70) pertain to these defendants, those allegations are denied.

**COUNT III**
**FALSE ARREST, UNLAWFUL SEARCH**
**AND WRONGFUL DETENTION**

51.     The allegations made in the paragraphs above are admitted and denied as set out

heretofore.

52.     Insofar as the allegations of paragraphs seventy-one (71), seventy-two (72),

seventy-three (73) and seventy-four (74) pertain to these defendants, those allegations are denied.

## COUNT IV
## ASSAULT AND BATTERY

53. The allegations made in the paragraphs above are admitted and denied as set out heretofore.

54. Insofar as the allegations of paragraphs seventy-five (75), seventy-six (76), seventy-seven (77) and seventy-eight (78) pertain to these defendants, those allegations are denied.

## **AFFIRMATIVE DEFENSES**

1. The Complaint contains claims upon which relief cannot be granted as to these defendants.

2. The Plaintiffs have failed to mitigate the damages alleged in the Complaint.

3. The incident and alleged damages resulted from the negligence and/or fault of other parties and/or non-parties for which these Defendants are not liable.

4. The claims asserted by the Plaintiffs are barred because these Defendants acted in good faith and for legitimate non-discriminatory reasons.

5. The claims asserted by the Plaintiffs are barred or limited by the provisions of the New Mexico Tort Claims Act.

6. The stop of the plaintiffs' vehicle and the brief detention of the plaintiffs was based on probable cause, reasonable suspicion and exigent circumstances.

7. Defendants, Terry McCoy, Steve Jackson, Dave McCall and Manasseh Begay, acted with reasonable good faith belief that their actions were lawful and necessary under the

circumstances and within the scope of their authority, and Plaintiffs' claims are barred against these Defendants.

8.     These Defendants are entitled to qualified immunity from the claims asserted in the Complaint.

WHEREFORE, Defendants, TERRY McCOY, STEVE JACKSON, DAVE McCALL and MANASSEH BEGAY, having fully answered Plaintiffs' Complaint, seek that the same, including Counts I, II, III and IV, be dismissed with prejudice, for their costs expended herein, and for such further and additional relief as the Court may deem just and proper.

KLECAN & CHILDRESS

BY:   /S/ Ronald J. Childress
RONALD J. CHILDRESS
Attorney for Defendants *Terry McCoy, Steve Jackson, Dave McCall and Manasseh Begay*
6000 Uptown Blvd. NE, Suite 305
Albuquerque, NM  87110
(505) 883-8555

I HEREBY CERTIFY that on __January 11__, 2013,
I filed the foregoing pleading electronically through
the CM/ECF system, which caused the following
parties or counsel of record to be served by electronic or other
means, as more fully reflected on the Notice of Electronic Filing:

Arlon L. Stoker
Attorney at Law
P.O. Box 658
Farmington, NM 87499-0658
arlon@stokerlaw.com

11

Joseph W. Reichert
Attorney at Law
2620 Adams St. NE
Albuquerque, NM 87110
reichert@swcp.com

   /S/ Ronald J. Childress
RONALD J. CHILDRESS