## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,

and

SHANNON MIKE AND GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M.
and AA.M., minor children

        Plaintiffs,

v.                           No. 12-cv-01215-WDS/LFG

TERRY MCCOY, STEVE JACKSON,
DAVE McCALL, MANASSEH BEGAY, and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME,

and

WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,

        Defendants.

**DEFENDANTS OFFICER WALTER NICKERSON AND OFFICER DAVID KING'S
ANSWER TO COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983, UNLAWFUL SEARCH AND SEIZURE, EXCESSIVE FORCE,
FALSE ARREST OR DETENTION, AND ASSAULT AND BATTERY.**

## SUMMARY OF THE PLAINTIFF'S CLAIMS

1.      In response to the allegations set out in the Summary of the Plaintiffs Claims made in the Complaint for Damages for Deprivation of Civil Rights under 42 U.S.C. § 1983, Unlawful Search and Seizure, Excessive Force, False Arrest or Detention, and Assault and Battery ("Complaint"), Defendants Walter Nickerson and David King admit that Plaintiffs are bringing this action under 42 U.S.C. §§ 1981, 1983 and other federal law where applicable, and state tort law. However, these Defendants deny that Plaintiffs have any valid claims against them. Walter Nickerson and David King admit that three of the plaintiffs are identified as minor children and that the Plaintiffs are identified as Native Americans. Walter Nickerson and David King deny the remaining allegations of the Summary of Plaintiffs' Claims that may pertain to them.

## JURISDICTION AND VENUE

2.      Walter Nickerson and David King admit the allegations set out in Paragraph 1 of the Complaint.

3.      Walter Nickerson and David King admit the allegations set out in Paragraph 2 of the Complaint.

4.      Walter Nickerson and David King admit the allegations set out in Paragraph 3 of the Complaint.

5.      Walter Nickerson and David King admit the allegations set out in Paragraph 4 of the Complaint.

## PARTIES

6.      In response to Paragraph 5 of the Complaint, Walter Nickerson and David King admit that the Plaintiffs are Native Americans and residents of the State of New Mexico and deny the remaining allegations contained in Paragraph 5 of the Complaint that call for a legal conclusion.

7.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, deny them.

8.     The allegations made in Paragraph 7 are not directed toward Walter Nickerson and David King, therefore no response is provided.

9.     Walter Nickerson and David King admit the allegations set out in Paragraph 8 of the Complaint.

10.    Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, deny them.

11.    In response to Paragraph 10 of the Complaint, Walter Nickerson and David King admit the City of Farmington is not a party to this lawsuit, the City of Farmington Police Department is a municipal law enforcement agency authorized under New Mexico law and they are employed by the City of Farmington Police Department.  The remaining allegations made in Paragraph 10 do not pertain to these Defendants, therefore no response is provided.

**FACTS COMMON  TO ALL COUNTS**

12.    Walter Nickerson and David King incorporate their responses above.

13.    Walter Nickerson and David King admit the allegations made in Paragraph 11 of the Complaint.

14.    In response to the allegations of Paragraph 12 of the Complaint, Walter Nickerson and David King admit that among other crimes, the unknown offender(s) had entered  a school administration building, stolen several laptop computers and a government automobile from the school, that was driven under a chain link fence.  As to the remaining allegations made in Paragraph

3

12 of the Complaint, Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

15.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, deny them.

16.     In response to Paragraph 14 of the Complaint, Walter Nickerson and David King admit that several descriptions of the stolen vehicle were broadcast by police radio and law enforcement officers throughout the area were on the lookout for a stolen automobile and were actively searching the jurisdiction.  As to the remaining allegations made in Paragraph 14 of the Complaint, Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

17.     In response to Paragraph 15 of the Complaint, Walter Nickerson and David King admit that the Mike vehicle, a blue 2012 Chevrolet Malibu, was driving in the vicinity of Orchard and Broadway Streets in downtown Farmington during the search for the stolen vehicle.  Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny them.

18.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, therefore, deny them.

19.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, deny them.

4

20.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, deny them.

21.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, therefore, deny them.

22.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and, therefore, deny them.

23.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, therefore, deny them..

24.     Walter Nickerson and David King deny the legal conclusions contained in Paragraph 22 of the Complaint.

25.     In response to Paragraph 23 of the Complaint, Walter Nickerson and David King admit that it was ultimately determined that the Mike vehicle was a dark blue 2012 Chevrolet Malibu and that the stolen vehicle was a dark colored 2008 Chevrolet Impala.  The remaining allegations made in Paragraph 23 are denied.

26.     The allegations made in Paragraph 24 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

5

Case 1:12-cv-01215-MV-LFG   Document 8   Filed 01/25/13   Page 6 of 13


27.     Walter Nickerson and David King deny the allegations made in Paragraph 25 of the Complaint.

28.     The allegations made in Paragraph 26 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

29.     The allegations made in Paragraph 27 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

30.     In response to Paragraph 28 of the Complaint, Walter Nickerson and David King admit law enforcement officers had drawn firearms, the occupants of the automobile were all removed, ordered to place their hands behind their heads and were placed in police vehicles.  The remaining allegations of Paragraph 28 are denied.

31.     Walter Nickerson and David King deny the allegations set out in Paragraph 29 of the Complaint.

32.     In response to Paragraph 30 of the Complaint, Walter Nickerson and David King admit they were called to the scene as backup.  The remaining allegations of Paragraph 30 are denied.

33.     Walter Nickerson and David King deny the allegations set out in Paragraph 31 of the Complaint.

34.     In response to Paragraph 32 of the Complaint, Walter Nickerson and David King admit that they were patrol officers or officers who had experience as patrol officers and would have some familiarity with vehicles on the road and some experience and training in identifying vehicles

by make, model, color and year of production.  The remaining allegations of Paragraph 32 are denied..

35.     The allegations made in Paragraph 33 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

36.     Walter Nickerson and David King deny the allegations made in Paragraphs 34 of the Complaint.

37.     The allegations made in Paragraph 35 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

38.     The allegations made in Paragraph 36 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

39.     The allegations made in Paragraph 37 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

40.     The allegations made in Paragraph 38 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against  Walter Nickerson and David King, the allegations are denied.

41.     The allegations made in Paragraph 39 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

42.     In response to Paragraph 40 of the Complaint, Walter Nickerson and David King admit that the vehicle had no government markings.  The  remaining allegations of Paragraph 40 are denied.

43.     The allegations made in Paragraphs 41, 42, 43, ad 44 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

44.     In response to Paragraph 45 of the Complaint, Walter Nickerson and David King admit that two of the younger persons were  not handcuffed and one of the younger persons who was not handcuffed was briefly placed in a police vehicle.  The remaining allegations of Paragraph 45 are denied.

45.     In response to Paragraph 46 of the Complaint, Walter Nickerson and David King admit that one of the younger people be heard on one of the police tapes and affirmatively state the tape speaks for itself as to the statements of that person.  The remaining allegations of Paragraph 46 are denied.

46.     Walter Nickerson and David King are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, deny them.

47.     The allegations made in Paragraphs 48, 49, 50, 51, 52, 53, 54 and 55 are not directed toward Walter Nickerson and David King, therefore no response is provided.  To the extent the allegations can be construed to be against Walter Nickerson and David King, the allegations are denied.

8

48.     Walter Nickerson and David King deny the allegations made in Paragraph 56 of the Complaint.

49.     Walter Nickerson and David King deny the allegations made in Paragraphs 57, 58, 59, 60, 61, 62 and 63 of the Complaint.

## COUNT I
### 42 U.S.C. §1983 DEPRIVATION OF RIGHTS

50.     Walter Nickerson and David King incorporate their responses above.

51.     Walter Nickerson and David King deny the allegations made in Paragraphs 64, 65, 66 and 67 of the Complaint.

## COUNT II
### UNREASONABLE USE OF FORCE

52.     Walter Nickerson and David King incorporate their responses above.

53.     Walter Nickerson and David King deny the allegations made in Paragraphs 68, 69 and 70 of the Complaint.

## COUNT III
### FALSE ARREST, UNLAWFUL SEARCH AND WRONGFUL  DETENTION

54.     Walter Nickerson and David King incorporate their responses above.

55.     Walter Nickerson and David King deny the allegations made in Paragraphs 71, 72, 73, and 74 of the Complaint.

## COUNT IV
### ASSAULT AND BATTERY

56.     Walter Nickerson and David King incorporate their responses above.

57.     Walter Nickerson and David King deny the allegations made in Paragraphs 75, 76, 77 and 78 of the Complaint.

9

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs have failed to mitigate the damages alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Walter Nickerson and David King.

## THIRD AFFIRMATIVE DEFENSE

The actions of Walter Nickerson and David King did not violate the Constitution and are not actionable under 42 U.S.C. § 1983.

## FOURTH AFFIRMATIVE DEFENSE

If Walter Nickerson and David King were negligent, which is specifically denied, Plaintiffs were contributorily or comparatively negligent, which affects recovery.

## FIFTH AFFIRMATIVE DEFENSE

The searches of the vehicle and the detention of Plaintiffs during the search was based on probable cause, reasonable suspicion and exigent circumstances.

## SIXTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' damages, if any, were acts of individuals not under the direction, control or supervision of Walter Nickerson and David King, and without knowledge on the part of Walter Nickerson and David King.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to comply with the New Mexico Tort Claims Act, Sections 41-4-1, et seq., NMSA 1978, which bars or limits recovery.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by application of the doctrine of qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

All activities of Walter Nickerson and David King were lawful, in good faith, and in the exercise of governmental functions.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not entitled to punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Walter Nickerson and David King were, at all times mentioned in the Complaint, duly qualified, appointed and acting police officers of the City of Farmington and peace officers for the State of New Mexico, and at all times mentioned in the Complaint were engaged in the performance of their regularly scheduled duties as police officers.

### TWELFTH AFFIRMATIVE DEFENSE

Walter Nickerson and David King, at all times material to the allegations in the Complaint, acted in good faith, without malice, and within the scope of their lawful duties.

### THIRTEENTH AFFIRMATIVE DEFENSE

The actions of Walter Nickerson and David King, at all times material to the allegations made in the Complaint, were reasonable, proper and legal.

### FOURTEENTH  AFFIRMATIVE  DEFENSE

Walter Nickerson and David King exercised due care in the execution or enforcement of the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Walter Nickerson and David King are not liable for any injury resulting from their acts or omissions, where the acts or omissions were the result of the exercise of the discretion vested in them as police officers.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs did not suffer any detriment or damages in any amount whatsoever.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Walter Nickerson and David King complied with the requirements of the Fourth Amendment to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged conduct of Walter Nickerson and David King does not rise to the level of a constitutional violation.

## NINETEENTH AFFIRMATIVE DEFENSE

The force alleged to have been exerted, if any, by Walter Nickerson and David King was reasonable under the circumstances.

WHEREFORE, having fully answered, Walter Nickerson and David King request an Order of this Court dismissing the Complaint against them in its entirety, assessing Walter Nickerson and David King's costs to the Plaintiffs, and for such other and further relief as the Court deems just and proper in the premises.

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

Electronically Filed

By */s/ Patricia G. Williams*     
     Patricia G. Williams
Attorneys for Walter Nickerson and David King
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

We hereby certify that a copy of Defendants'
Walter Nickerson and David King was electronically
served to counsel of record through the CM/ECF
system on this 25th day of January, 2013.

WIGGINS, WILLIAMS & WIGGINS, P.C.

    Electronically Filed

By */s/ Patricia G. Williams*      
     Patricia G. Williams