IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM
MIKE, SHANNON MIKE, and
GEORGETTE MIKE, individually,

and SHANNON MIKE and GEORGETTE
MIKE, as parents and next friends of AE.M,
AU.M. and AA.M., minor children

        Plaintiffs,

  vs.                                    CIVIL NO.  12-1215 MV/LFG

TERRY McCOY, STEVE JACKSON,
DAVE McCALL, MANASSEH BEGAY,
and KORY FAULK, individually, and as
Law Enforcement Officers and Employees
of San Juan County Sheriff's Department,
and Deputies and Employees of San Juan
County Sheriff's Department whose Identities
are Unknown at this time,

and

WALTER NICKERSON, and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of City of Farmington Police
Department, and Officers and Employees of
Farmington Policy Department, and Officers
and Employees of Farmington Police Depart-
ment whose identities are unknown at this time.

        Defendants.

## ORDER STAYING DISCOVERY
## PENDING RULING ON QUALIFIED IMMUNITY MOTION

THIS MATTER is before the Court *sua sponte*.  On June 19, 2013, Defendants Terry

McCoy, Steven Jackson, David McCall, and Manasseh Begay Filed a "Motion for Summary

Judgment Based on Qualified Immunity and on Plaintiffs' Inability to Support Claims." [Doc. 29]. Because qualified immunity not only protects governmental officials who perform discretionary functions from liability, but also from the burdens of trial, including discovery, the Court has little discretion except to stay discovery once a defendant requests summary judgment based on qualified immunity.  Ashcroft v. Iqbal, 556 U.S. 662 (2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004).

As noted in the Court's earlier Order on Qualified Immunity Assertion [Doc. 20], it matters not whether all defendants are eligible to assert qualified immunity.  Once a defendant seeks summary judgment based on an assertion of qualified immunity, discovery is stayed as to all defendants.  Ashcroft v. Iqbal, 556 U.S. at 685-86.  Otherwise, those defendants entitled to qualified immunity would be brought into the discovery fray between a plaintiff and the non-qualified immunity defendant.  Accordingly, all discovery is stayed in this case pending the Court's disposition of the Motion for Summary Judgment.

The Court refers Plaintiffs to its previous Order [Doc. 20] should they seek limited discovery by way of a Fed. R. Civ. P. 56(d) affidavit.  The Court's March 21, 2013 Order amply describes the process that Plaintiffs must utilize should they require limited discovery in order to respond to the summary judgment motion. [Doc. 20, at 2-3.]  The Court will provide additional time for Plaintiffs to respond to the underlying motion, whether or not the Rule 56(d) request is granted.

IT IS THEREFORE ORDERED that all discovery is stayed in this case pending resolution of Defendants' summary judgment motion based on an assertion of qualified immunity.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge