UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,

and

SHANNON MIKE and GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M. and AA.M., minor children,

               Plaintiffs,

vs.                                                         No. 12-cv-1215 MV/LFG

TERRY McCOY, STEVE JACKSON,
DAVE McCALL, MANASSEH BEGAY and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME,

and

WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,

               Defendants.

### PLAINTIFF'S PARTIAL RESPONSE IN OPPOSITION TO SAN JUAN COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REQUESTING SPECIFIC ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P.56(D)

     On June 19, 2013, Defendants Terry McCoy, Steve Jackson, Terry McCall, and Manasseh Begay ("the San Juan County Defendants") filed a Motion for Summary Judgment

based upon the doctrine of Qualified Immunity. Although the ultimate decision on the Motion falls to the Trial Judge, requests for discovery are directed to the assigned Magistrate Judge, the Honorable Lorenzo F Garcia. Consequently, Plaintiffs are filing the instant Partial Response in Opposition to San Juan County Defendants' Motion for Summary Judgment Requesting Specific Additional Discovery Pursuant to Fed.R.Civ.P.56(d) individually, as the Court's decision on Plaintiffs' request for specific additional discovery will effect Plaintiff's preparation of a full Response in Opposition to Defendants' Motion for Summary Judgment.

## **STANDARD**

As this Court is aware, when a party files a Motion for Summary Judgment based upon the doctrine of Qualified Immunity, the Motion operates to stay all further discovery. Qualified immunity not only protects governmental employees who perform discretionary functions from liability, but also protects them from the burdens of trial, including discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Order on Qualified Immunity Assertion*, Doc. #20. Discovery in the instant case was stayed by this Court on June 25, 2013. Order Staying Discovery, Doc. #34.[1]

However, the non-moving party may seek to conduct additional discovery relevant to the issues set forth in the moving-party's Motion pursuant to Fed.R.Civ.P.56(d). Fed.R.Civ.P.56(d) serves to abate a hasty swing of the "summary judgment axe." *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007). In order to request such additional discovery in the Tenth Circuit, the non-moving party must submit an affidavit. *McKissick v. Uon*, 618 F.3d 1177, 1190 (10th Cir. 2010). Furthermore, it is not enough to simply argue that discovery is not complete or that the Motion for Summary Judgment is premature. Instead, the party wishing to secure additional

---

[1] By agreement of the parties and with the Court's approval, Plaintiffs' deadline to file the instant request was extended until July 15, 2013. Order on Motion for Extension of Time to File, Doc. #35.

discovery must specify the discovery it wishes to take and how the expected evidence will defeat the moving parties' Motion. *Ben Ezra, Weinstein & Co. v. America Online, Inc*., 206 F.3d 980, 987 (10th Cir. 2000), *cert denied*, 531 U.S. 824 (2000).

*I. Plaintiffs' Claims Require Specific Additional Discovery*

Pursuant to Fed. R. Civ. P. 56(d) and *Ben Ezra, Weinstein, & Co., Inc. v. America Online Inc*., 206 F.3d 980, 987 (10th Cir. 2000), Plaintiffs request additional limited discovery in order to defeat Defendants' *prima facie* showing of entitlement to judgment based on qualified immunity. The additional limited discovery requested will assist the court in applying the objective qualified immunity standard, as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), to Plaintiffs' §1983 claims by resolving the two main issues associated with the qualified immunity affirmative defense: (1) whether Plaintiffs have stated a violation of a constitutional or federal statutory right; and (2) if so, whether that right was clearly established, *i.e.*, were the "contours of the right...sufficiently clear that a reasonable official would understand that what he is doing violates that right?" *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) and *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Because the constitutional rights alleged by Plaintiffs to have been violated are protected by the Fourth Amendment, Plaintiffs' claims are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The Fourth Amendment's objective reasonableness standard is, in turn, informed by the totality of the circumstances. *Tennessee v. Garner*, 471 U.S. 1, 8-9, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Furthermore, "[b]ecause the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application...its proper application requires careful attention to the facts and

circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

More particularly, an order granting the requested limited discovery would uncover the material facts in Plaintiffs' claim and allows the Court to compare such material facts to the facts from prior cases decided at the time Defendants acted. If such material facts correspond to those facts from prior cases where the courts have held that a violation of constitutional or federally protected right occurred, then Defendants shall not be afforded the protection of the affirmative defense of qualified immunity as the case law would have put Defendants on notice that their conduct was clearly unconstitutional. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Specifically, in preparing their Response to Defendants' Motion for Summary Judgment, Plaintiffs believe that the minimum additional discovery that they need includes 1) a limited deposition of defendant Terry McCoy and 2) a Response from Defendants to Plaintiff Margaret Mike's Request for Production No. 5, which seeks information relating to the training provided to the San Juan County officers at the scene. Plaintiffs have attempted to limit their request to the minimum discovery necessary in order to both streamline this process and to limit the expense required of Defendants in defending this litigation prior to the Court's determination that Defendants are not entitled to qualified immunity.

Plaintiffs have attached the affidavit of Plaintiffs' counsel, Anna C. Martinez, which describes the discovery sought and explains the effect that the discovery will have on the qualified immunity assertion by Defendant Terry McCoy. Defendant McCoy was the officer that initiated the stop of Plaintiffs' vehicle and his actions are critical to proving the unlawfulness of the initial stop as well as the unlawfulness of the decision to continue to detain Plaintiffs after it was obvious that a) not one of the Plaintiffs was the subject that police sought and b) Plaintiffs

were the only persons inside the subject vehicle. Plaintiffs believe that they have sufficient discovery, outside of these two specific requests, to defeat the San Juan County Defendants' Motion for Summary Judgment.

This limited amount of discovery is necessary to determine whether a violation of a constitutionally protected right occurred. Such facts would allow the parties to present a clearer picture to the Court of the facts and circumstances of the particular incident described in Plaintiffs' Complaint. Although Qualified Immunity serves an important purpose, the legal shield that it provides does not grant Defendants an absolute right to immunity from a limited deposition when that deposition is crucial to determining whether or not the actions alleged were protected by the doctrine of qualified immunity at all. In other words, a deposition limited to inquiring into Defendant McCoy's observations and actions at the time of the stop is needed to determine the applicability—or lack of applicability—that the qualified immunity doctrine has with regard to the instant case.

Although the qualified immunity defense affords government officials certain latitude in the execution of their duties, it should not be permitted to deprive Plaintiffs the right to present their claims to a jury where there are material facts in dispute. In this case, the specific and limited additional discovery is needed to present a Response that provides a comprehensive picture of the issues of material fact which must be resolved by a jury on such critical issues as: whether Defendants deprived Plaintiffs of liberty and infringed upon their right to be free from unreasonable seizure, without due process and in violation of equal protection of the laws; whether Defendants deprived Plaintiffs of their right to be free from unreasonable search; whether Defendants deprived Plaintiffs of their right to be free from use of excessive force; and whether Defendants improperly deprived Plaintiffs of their right to equal protection under the

laws. As the analysis of qualified immunity affirmative defense is fact based, Plaintiffs are not presently able to present to the Court all of the facts so that the Court may properly decide the issue of qualified immunity. It is for this reason and the reasons listed above that Plaintiffs respectfully request the Court to order additional discovery as sought herein.

**WHEREFORE** Plaintiffs respectfully request that the Court Order Defendants Terry McCoy, Steve Jackson, Terry McCall, and Manasseh Begay to produce responses to Plaintiff's Request for Production No. 5 and that the Court further permit Plaintiffs to take the deposition of Defendant Terry McCoy in which Plaintiff may inquire into a) all the facts of which Defendant McCoy admits that he was aware prior to the stop of Plaintiffs' vehicle, b) all of the events that occurred during that stop; c) all of Defendant McCoy's observations during the stop.

        Respectfully submitted,
        **AEQUITAS LAW, LLC**

By:   **"Electronically Filed"**
      /s/ Anna C. Martinez
      Attorney for Plaintiff
      P.O. Box 25304
      Albuquerque, NM 87125
      (505) 750-8005
      anna@aequitas.pro

I hereby certify that a true and correct copy of the foregoing pleading was delivered to counsel for Defendants via the Court's CM/ECF document filing and delivery service on the same date that the foregoing pleading was filed.

**"Electronically Filed"**
/s/ Anna C. Martinez