UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,

and

SHANNON MIKE and GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M. and AA.M., minor children,

        Plaintiffs,

vs.                                    No. 12-cv-1215 MV/LFG

TERRY McCOY, STEVE JACKSON,
DAVE McCALL, MANASSEH BEGAY and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME,

and

WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,

        Defendants.

**AFFIDAVIT OF ATTORNEY ANNA C. MARTINEZ IN SUPPORT OF PLAINTIFFS'
PARTIAL RESPONSE IN OPPOSITION TO SAN JUAN COUNTY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT REQUESTING SPECIFIC ADDITIONAL
DISCOVERY PURSUANT TO FED.R.CIV.P.56(D)**

**AFFIANT**, having first been duly sworn and upon her oath, states:

1. All of the information contained in this affidavit is based upon my own first-hand knowledge.

2. I am over the age of 18 and competent to attest to all facts contained within this affidavit.

3. Plaintiffs served discovery on Terry McCoy, Steve Jackson, Terry McCall, and Manasseh Begay ("the San Juan County Defendants") on June 3, 2013 in the form of Interrogatories, Requests for Production, and Requests for Admission.

4. The San Juan County Defendants filed a motion for summary judgment based upon the doctrine of qualified immunity on June 19, 2013.

5. In order to sufficiently prepare a comprehensive Response in Opposition to the Motion for Summary Judgment filed by the San Juan County Defendants, limited additional discovery is needed.

*Deposition of Defendant McCoy*

6. Defendant Terry McCoy was the first officer to detain Plaintiffs' vehicle. At the time that he stopped Plaintiff Margaret Mike's vehicle he did so in an unmarked unit with no emergency equipment and/or without activating any emergency equipment. He had a firearm drawn and aimed at Plaintiffs.

7. Plaintiffs' Request for Admission No. 1 asked McCoy to "admit that Plaintiffs' vehicle was not a Chevrolet Impala." Defendant McCoy did not admit this fact in full. He admitted in part, stating that he was given information that the vehicle the police were looking for on the date of the incident was an "Impala or Malibu type vehicle."

8. Furthermore, Deputy McCoy states that "there was inclement weather which hindered specific vehicle identification."

9. In order to overcome Defendant McCoy's qualified immunity assertion, specific additional discovery in the form of a limited deposition of Defendant McCoy is requested so that Plaintiffs may determine: a) all of the information that Defendant in McCoy had at the time of the stop. Being able to identify all of the information that Defendant McCoy was able to rely upon in stopping the vehicle that the Plaintiffs were in will allow Plaintiffs to demonstrate that Defendant McCoy new, or that a reasonably prudent officer in Defendant McCoy's position would have known, that Plaintiffs' vehicle was not the vehicle for which Defendant Roy and the other police officers were looking. In addition, Plaintiffs respectfully request that the Court allow them to question Defendant McCoy with regard to his claim that the weather interfered with his ability to identify the model of Plaintiffs' vehicle as well as the fact that Plaintiffs' vehicle had no damage to it whatsoever.

10. It appears to Plaintiffs and their attorneys that the videotape makes it quite obvious that the vehicle stopped was the wrong model, wrong color, wrong year-- which was evident by the fact that the car appeared to be brand-new-- and did not have the substantial front-end damage that the car that the police were searching for is alleged to have had.

11. Qualified immunity is determined from the viewpoint of the officer on the scene, rather than the 20/20 vision of hindsight. It is therefore critical to know exactly what Defendant McCoy could and could not see. The best evidence available regarding what precisely Defendant McCoy saw at the time that he stopped the vehicle is Defendant McCoy's testimony as to what he saw.

*Request for Production No. 4- Documents that Defendants Have Already Agreed to Provide are Needed.*

12. In Request for Admission No. 4, Plaintiff Margaret Mike asked Defendant McCoy to admit that "no occupant of Plaintiff's vehicle met the description of the suspect the police were looking for at the time of the stop." Once again, Defendant McCoy admitted in part.

13. Plaintiffs contend that it is obvious that the occupants did not meet the description of the subject who was being sought by police. However, Defendant McCoy stated in his response Request for Admission No. 4 that he was unable to see inside Plaintiffs' vehicle because of the window tinting and that he could not tell how many people were inside the vehicle. The only way to evaluate the veracity of this denial and or identify the point at which Defendant McCoy realized that no one in Plaintiffs' vehicle was the person for whom Defendant McCoy and the other officers were searching is to question Defendant McCoy on this issue. Deposition as to this specific issue is also requested.

14. It is anticipated that Defendant McCoy's deposition testimony regarding when he realized that no occupant of Plaintiffs' vehicle met the description of the wanted suspect and that all of the occupants of Plaintiffs' vehicle had exited said vehicle will undermine his qualified immunity claim based upon his actions in continuing to detain Plaintiffs.

15. In Request for Production No. 5 to each Defendant, Plaintiffs sought "any and all written procedures, manuals, handbooks, training materials, memorandums, and/or post orders, in effect from January 2010 until [] March 19, 2012."

16. Defendants responded that this "information has been requested and will be provided upon receipt."

17. One of the critical questions in this case is whether or not the officers followed the training provided to them in stopping, detaining, and searching Plaintiffs and their vehicle. It is specifically requested that Defendants be ordered to provide the information sought in Request for Production No. 5 and that Plaintiffs be allowed to review that information in preparing their Response to Defendants' Motion. It is anticipated that the information provided by Defendants in response to Request for Production No. 5 will likely demonstrate that the Defendants did not follow proper procedure and/or follow their training in undertaking the stock, detention, and search of Plaintiffs and their vehicle.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Anna C. Martinez, Esq.
Attorney for Plaintiff

Signed and sworn before me this 15th day of July, 2013 by Anna C. Martinez.

_____
Notary Public

5