## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARGARET MIKE, WILLIAM MIKE,
SHANNON MIKE and GEORGETTE
MIKE, individually,

and SHANNON MIKE and GEORGETTE
MIKE as parents and next friends of
AE.M., AU.M.
and AA.M., minor children,

      Plaintiff,

vs.                                                                            No. 12 cv 01215 MV/LFG

TERRY McCOY, STEVEN JACKSON,
DAVE McCALL, MANASSEH BEGAY and
KORY FAULK, individually, and as
Law Enforcement Officers and Employees of
SAN JUAN COUNTY SHERIFF'S DEPARTMENT,
and DEPUTIES AND EMPLOYEES OF SAN
JUAN COUNTY SHERIFF'S DEPARTMENT
WHOSE IDENTITIES ARE UNKNOWN AT THIS TIME

and

WALTER NICKERSON and DAVID KING,
individually, and as Law Enforcement Officers
and Employees of CITY OF FARMINGTON
POLICE DEPARTMENT, and OFFICERS
AND EMPLOYEES OF FARMINGTON POLICE
DEPARTMENT WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME,

      Defendants.

## RESPONSE IN OPPOSITION TO PLAINTIFFS' REQUEST FOR SPECIFIC ADDITIONAL DISCOVERY PURSUANT TO FED.R.CIV.P 56(d)

COME NOW the Defendants, Terry McCoy, Steve Jackson, Terry McCall, and Manasseh

1

Begay (hereinafter "County Defendants" when referred to collectively), by and through their attorneys, Klecan & Childress, and hereby submit this Response In Opposition to Plaintiffs' Request For Specific Additional Discovery Pursuant To Fed.R.Civ.P. 56(d) (hereinafter "Reqt56(d)." The County Defendants maintain that Plaintiffs' Req56(d) argument is without merit. Therefore, the Court should deny Plaintiff's request for relief under Rule 56(d) and should order Plaintiffs to fully respond to the County Defendants' Motion For Summary Judgment.[1]

As Plaintiffs concede, in seeking relief under Rule 56(d), "it is not enough to simply argue that discovery is not complete....Instead, the party wishing to secure additional information must specify the discovery it wishes to take and how the expected evidence will defeat the moving parties' Motion." [Req56(d), pp. 2-3 citing Ben Ezra, Weinstein & Co. v. America Online, Inc., 206 F.3d 980, 987 (10th Cir. 2000), *cert denied*, 531 U.S. 824 (2000)]. See also Duprey v. Twelfth Judicial District Court, 2009 U.S. Dist. LEXIS 71114 at *45 (D.N.M.). Yet, despite Plaintiffs' accurate summary of the proper standard, Plaintiffs fail to satisfy that standard. Plaintiffs merely argue that the "additional limited discovery requested will assist the court in applying the objective qualified immunity standard...." [Req56(d), p. 3.] or that "[t]his limited amount of discovery is necessary to determine whether a violation of a constitutionally protected right occurred." [Req56(d), p. 5.] These statements contain the exact type of

---

[1]Plaintiffs in the case at bar seek a deposition of Defendant McCoy and a more complete response to their Requests For Production Nos. 4 and 5. The latter requests are for procedures, manuals, and training materials relating to the initiation of a stop of a vehicle. Defendants had agreed to produce documents responsive to this request and are mailing the documents to opposing counsel on the date of the filing of this Reply. Therefore, the only discovery at issue is the deposition of Terry McCoy. As will be discussed below, such a deposition is unnecessary to respond to the County Defendants' Motion For Summary Judgment.

generalizations that are insufficient and that were rejected by the Court in <u>Duprey</u>.  As the <u>Duprey</u> Court notes: "[The] requests, however, are generalizations, and give no hint of what specific information [plaintiff] seeks or how the information would create genuine issues of material fact."  <u>Id.</u>, at *47-48.

Nor does the Affidavit of Plaintiffs' counsel, Anna Martinez (hereinafter "Martinez Affidavit"), overcome the deficiency in Plaintiffs' argument. Plaintiffs seek the deposition of Defendant McCoy to inquire about "Defendant McCoy's observations and actions at the time of the stop..." [Req56(d), p. 5.]  However, Defendant McCoy provided a detailed Affidavit of such observations and actions as an Exhibit in support of the County Defendants' Motion For Summary Judgment.  The Affidavit was under oath.  Plaintiffs were at the scene of the stop. Two videotapes of the stop have been provided to the Court and to opposing counsel.  It is difficult to imagine why any additional inquiry of Defendant McCoy is necessary.

As stated in the Memorandum In Support Of Motion For Summary Judgment (hereinafter "MemoSuppSJ"), Plaintiffs claims for unreasonable detention appear to be based on the decision to make the initial stop, the duration of the stop, and the use of force during the stop.  The videotapes provided to the Court are reliable evidence of what occurred during the stop.  <u>Scott v. Harris,</u> 550 U.S. 373, 378-380 (U.S. 2007) [in summary judgment motion, it is proper for a court to adopt the version of events depicted on a police videotape].  Plaintiffs do not challenge the videotapes.  Instead, they argue that it is necessary to depose Defendant McCoy because the videotapes appear to Plaintiffs to show that their vehicle was the wrong model, color, and year of the car that was fleeing police.  This argument misses the mark.  Defendants do not challenge the fact that the Mike vehicle turned out to be the wrong vehicle.  Rather, Defendants

contend that, at the time he decided to make the traffic stop, Defendant McCoy had reasonable suspicion to believe that the Mike vehicle was the suspect vehicle.  As pointed out in the MemoSuppSJ, the fact that the Mike vehicle was not the exact model or color as the vehicle that was actually fleeing police is irrelevant to the inquiry of reasonable suspicion.  [See MemoSuppSJ, pp. 10-11, citing United States v. Hurst, 228 F.3d 751, 757 (6th Cir. 2000).  The Mike vehicle matched the general description of the suspect vehicle.  Indeed, while Plaintiffs claim that the videotape makes it obvious to them that the vehicles were different, in fact, what is obvious from the videotape is that the Mike vehicle was similar to the description of a dark colored Chevrolet Malibu-like vehicle which Deputy McCoy understood to be the suspect vehicle.  [MemoSuppSJ at  Material Facts 10-11.]  "[F]acts that absolutely contradict the record will not be considered as claimed by the plaintiff."  Everson v. Leis, 556 F.3d 484, 492 (6th Cir. 2009).

Plaintiffs suggest that the deposition is necessary to ascertain whether Defendant McCoy was telling the truth in his Affidavit filed in support of the Motion For Summary Judgment.  Plaintiffs question the averment of Defendant McCoy that it was snowing, which, along with the tinted windows on the Mike vehicle, hindered Defendant McCoy's ability to see the occupants of the Mike vehicle.  [MemoSuppSJ, at Material Facts 12, 22.]  However, again, the videotapes show the inclement weather, and the Plaintiffs offer no evidence to suggest that there is a question as to the veracity of Defendant McCoy's Affidavit.  Rather, they suggest that Defendant McCoy is not telling the truth because "it is obvious that the occupants did not meet the description of the subject who was being sought by police." [Req56(d), p. 4.]  Plaintiffs' argument is, again, misplaced.   The County Defendants recognize that the suspect did not turn

out to be in the Mike vehicle.   Again, however, such a circumstance does not defeat the reasonable suspicion justifying the stop.   See <u>Lord v. Hall</u>, 2013 U.S.App.LEXIS 6563, at *9 (10th Cir.) ["reasonable suspicion did not evaporate when [plaintiff] Lord exited his truck and it was apparent that he did not match the suspect's description"]; <u>United States v. Winder</u>, 557 F.3d1129, 1133-1134 (10th Cir. 2009) [that an officer's suspicions may prove unfounded does not vitiate the lawfulness of a stop...].

If Plaintiffs in the case at bar have evidence from their own presence at the scene or from some other source to suggest that there are genuine issues as to the material facts presented in the MemoSuppSJ, then they must come forward with such evidence.   They should not be allowed to use Rule 56(d) to embark on a "fishing expedition." See <u>Lewis v. Ft. Collins</u>, 903 F.2d 752, 758-759 (10th Cir. 1990) ["Rule 56(f) is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity"][2]; see also <u>Duprey</u>, *supra*, at *47-48.   As stated above, in addition to the Plaintiffs' own observations, the videotapes show the duration of the stop and the manner in which the stop was executed. Deputy McCoy's deposition is simply unnecessary.   It is important to remember that this case involves nothing more than a ten to fifteen minute detention which did not result in an arrest or in any other law enforcement activity.   The County Defendants have already produced hundreds of pages of documents.   Compelling a deposition of Defendant McCoy defeats the "driving force" behind qualified immunity - - that is, "avoiding unwarranted discovery and other litigation costs." <u>Everson</u>, *supra*, 556 F.3d at 492. See also <u>Lewis</u>, *supra*, [Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because

---

[2]The request for additional discovery used to be under Rule 56(f).

insubstantial lawsuits against government officials should be resolved prior to discovery and on

summary judgment if possible].

WHEREFORE, County Defendants pray for an Order denying Plaintiffs' request for

additional discovery, ordering Plaintiffs to respond to the Motion For Summary Judgment, and

and for such further relief as this Court deems just and proper.

KLECAN & CHILDRESS

BY: /s/ Ronald J. Childress
     RONALD J. CHILDRESS
     ELAINE R. DAILEY
     *Attorney for Defendants McCoy, Jackson, McCall*
     *and Begay*
     6000 Uptown Blvd. NE, Ste. 305
     Albuquerque, New Mexico  87110
     505/883-8555
     ron@klecanchildress.com
     edailey@klecanchildress.com

I HEREBY CERTIFY that on the 29th
day of  July , 2013, the foregoing was filed
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means or other means, as more
fully reflected on the Notice Of Electronic Filing:

Arlon L. Stoker
*Attorney for Plaintiffs*
arlon@stokerlaw.net

Joseph W. Reichert
*Attorney for Plaintiffs*
reichert@swcp.com

Albert L. Hutchinson, Jr.
*Attorney for Plaintiffs*
al@aequitas.pro

6

Anna C. Martinez
*Attorney for Plaintiffs*
anna@aequitas.pro

Patricia Williams
*Attorney for City of Farmington*
*Defendants*
pwilliams@wwwlaw.us


/s/    Ronald J. Childress